UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   Case No. 8:11-cr-555-T-24 AEP

SAMUEL POSA
_____/

# ORDER

This cause comes before the Court on Defendant Samuel Posa's Motion to Dismiss for Pre-Indictment Delay. (Doc. 52). The Government opposes the motion. (Doc. 75). The Court held a hearing on this motion on June 20, 2012. For the reasons set forth below, Posa's Motion to Dismiss for Pre-Indictment Delay (Doc. 52) is **DENIED**.

## I.   Background

Defendant Posa is charged with conspiracy and two counts of distribution and possession with intent to distribute oxycodone. (Doc. 1). The Government alleges that Posa unlawfully conspired with Dr. Blake Barton to distribute and possess with the intent to distribute oxycodone. The conspiracy is charged from May 2009 through June 29, 2011. (Doc. 1). Dr. Barton died on June 29, 2011. Posa was indicted on October 27, 2011. (Doc. 1).

## II.   Motion to Dismiss for Pre-Indictment Delay

Posa argues that the four-month delay from the time of Dr. Barton's death on June 29, 2011 until the time of his indictment on October 27, 2011 provides a sufficient basis for a motion to dismiss for pre-indictment delay. Posa argues that he has suffered actual prejudice because his patient file is not available, he did not maintain text messages, and he is missing some phone records. He further argues that the Government's delay was intended to gain a tactical advantage over him given that the Government worked out a cooperation plea agreement with another co-conspirator, Ms. Locklear, during that time.

In order to prevail on a motion to dismiss for pre-indictment delay, the defendant must show: 1) actual substantial prejudice resulting from the delay, and 2) that the delay was the

product of a deliberate act by the Government designed to gain a tactical advantage. See United States v. Foxman, 87 F.3d 1220, 1222 (11th Cir. 1996). In terms of actual prejudice, a search warrant was conducted at Dr. Barton's medical offices within two days of the doctor's death. The Government represents that there was no patient file for Posa. The four-month delay did not therefore affect the ability to obtain Posa's patient file. The Government further argues that Posa had the same opportunity to obtain text messages as the Government. Although the Court does not know whether text messages would have been available at the time of Posa's indictment, the Court still does not believe that Posa has shown substantial prejudice based upon the four-month delay.

Nor does this Court see any evidence that the delay was the product of a deliberate act by the Government designed to gain a tactical advantage. The Government stated at the hearing that Posa was also given the opportunity to cooperate, like Ms. Locklear, and he chose not to avail himself of that opportunity. A four-month delay is not a significant period of time. Moreover, the Government presented information as to why it engaged in efforts to resolve the case of the co-conspirator Ms. Locklear first, largely because her arrest had been effectuated at the doctor's residence after the Government learned of the doctor's death. It does not appear to the Court that any of the Government's actions in this case were intended to gain a tactical advantage over Posa.

## III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant Posa's Motion to Dismiss for Pre-Indictment Delay (Doc. 52) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 21st day of June, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
*Pro Se* Defendant