UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:11-cr-555-T-24 AEP

SAMUEL POSA
_____/

# ORDER

This cause comes before the Court on Defendant Samuel Posa's Motion to Dismiss for Entrapment by Estoppel. (Doc. 51). The Government opposes the motion. (Doc. 73). The Court held a hearing on this motion on June 20, 2012. For the reasons set forth below, Posa's Motion to Dismiss for Entrapment by Estoppel (Doc. 51) is **DENIED**.

## I. Background

Defendant Posa is charged with conspiracy, and two counts of distribution and possession with intent to distribute oxycodone. (Doc. 1). The Government alleges that Posa unlawfully conspired with Dr. Blake Barton to distribute and possess with the intent to distribute oxycodone. The conspiracy is charged from May 2009 through June 29, 2011. (Doc. 1). Dr. Barton died on June 29, 2011. Posa was indicted on October 27, 2011. (Doc. 1).

## II. Motion to Dismiss for Entrapment by Estoppel

Posa argues that Dr. Barton told him that it was lawful for Posa to fill oxycodone prescriptions written by Dr. Barton and to return a portion of the oxycodone to Dr. Barton to give to other people in need. (Doc. 51, p.2). Posa argues that Dr. Barton was an agent of the federal government because he was licensed by the Drug Enforcement Administration and the U.S. Department of Health and Human Services to provide addiction treatment to patients with schedule III, IV, and V controlled substances. (Doc. 51, p.2). Posa argues that because the doctor was a federal agent who advised Posa that Posa's conduct was lawful, the Government should be estopped from prosecuting him.

As an initial matter, entrapment by estoppel is an affirmative defense. See United States v. Eaton, 179 F.3d 1328, 1332 (11th Cir. 1999). As such, it is not properly raised in a motion to dismiss. See, e.g., United States v. Hernandez, 2007 WL 2915854, at *12 (S.D. Fla. October 4, 2007) ("entrapment by estoppel is an affirmative defense, not a bar to prosecution"). As such, the Motion to Dismiss for Entrapment by Estoppel is properly denied.

This Court has also considered whether there is a sufficient showing of entrapment by estoppel to permit this issue to go to the jury. In order to present a defense of entrapment by estoppel for a federal crime, a defendant must establish that: 1) a federal government official or agent of the federal government, 2) misrepresented a point of law, 3) the defendant relied on that representation, and 4) the defendant's reliance was objectively reasonable. See United States v. Funches, 135 F.3d 1405, 1407 (11th Cir. 1998).

While the Court acknowledges that the second, third, and fourth factors are factual issues that may or may not be established through testimony, this Court does not believe that the first element of the entrapment by estoppel defense is present in this case. There has not been a sufficient showing that Dr. Barton is a federal government official or a federal government agent. The fact that Dr. Barton was certified to dispense controlled substances does not make him a federal government agent or a federal government official. See, e.g., United States v. Billue, 994 F.2d 1562, 1569 (11th Cir. 1993) ("a federal license to sell firearms does not transform private licensees into government officials, thereby creating a potential entrapment by estoppel defense").

### III.    Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant Samuel Posa's Motion to Dismiss for Entrapment by Estoppel (Doc. 51) is **DENIED**. In addition Defendant Posa is prohibited from raising the affirmative defense of entrapment by estoppel at trial.

**DONE AND ORDERED** at Tampa, Florida, this 21st day of June, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
*Pro Se* Defendant