UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:11-cr-555-T-24 AEP

SAMUEL POSA
_____/

# ORDER

This cause comes before the Court on Defendant Samuel Posa's Motion *In Limine* to Preclude Admission of Firearm. (Doc. 50). The Government opposes the motion. (Doc. 77). The Court held a hearing on this motion on June 20, 2012. For the reasons set forth below, Posa's Motion *In Limine* to Preclude Admission of Firearm (Doc. 50) is **GRANTED IN PART**.

## I. Background

Defendant Posa is charged with conspiracy and two counts of unlawful distribution and possession with intent to distribute oxycodone. (Doc. 1). The Government alleges that Posa unlawfully conspired with Dr. Blake Barton to distribute and possess with the intent to distribute oxycodone by filling prescriptions for oxycodone at pharmacies and returning portions of the oxycodone to Dr. Barton for distribution to other people. The conspiracy is alleged to have occurred from May 2009 through June 29, 2011. (Doc. 1). On October 28, 2011, the Government seized a firearm from Posa's residence. The firearm belonged to and was registered to Posa's wife.

According to the Government, witness Lee Ann Locklear will testify that Posa always carried a firearm in a black bag and once remarked that if he were ever confronted by law enforcement, he would "go down in a blaze of glory." (Doc. 77, p.2). According to the Government, a second witness, Dr. Barton's son, will testify that Posa claimed to be carrying a gun on one occasion when Posa was at Dr. Barton's residence. Neither witness ever saw a gun in Posa's possession. The Government further argues that Dr. Barton, another co-conspirator, Faison, and Posa all carried guns and that this is further evidence of the conspiracy.

## II. Motion to Preclude Admission of Firearm

Posa argues that admission of the firearm and statements about a firearm should not be admissible because violence is not alleged to have occurred during the pharmacy transactions, the drugs were returned to Dr. Barton right after they were picked up from the pharmacies, and this prescription drug case is distinguishable from street-level drug cases where firearms are considered tools of the trade. (Doc. 50, pp. 3-4).

This Court agrees that under Federal Rule of Evidence 403, the probative value of the physical evidence of the firearm is substantially outweighed by the danger of unfair prejudice and confusion of the issues. The firearm is not relevant to the charged offenses. The firearm belonged to and was registered to Posa's wife. The "tools of the trade" cases are distinguishable from this prescription drug case. Therefore, the Government may not introduce evidence of the firearm recovered from Posa's residence.

This Court will defer ruling on whether any of the alleged statements about the firearm by Ms. Locklear or Dr. Barton's son are relevant. The Government must ask permission of the Court before asking any questions of these witnesses relating to firearms.

## III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant Posa's Motion *In Limine* to Preclude Admission of Firearm (Doc. 50) is **GRANTED IN PART**.

**DONE AND ORDERED** at Tampa, Florida, this 21st day of June, 2012.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
*Pro Se* Defendant